The court was unanimously of opinion, that the 45th clause of the county court act, passed in 1785, were confined to the counties where county courts were established only, and never extended to anj? other parts of the state ; consequently, that this case was to be governed by the law *255 as it stood before the passing of the county court act in 1785, and by the law as it then stood, there was no time limited for recording deeds of conveyance of lands or mortgages ; if, indeed, a younger deed or mortgage was obtained from the grantor or mortgagor, for the same lands, it had a preference ; and that (as has been stated by the Attorney-General) seems to be the only risk which the grantee or mortgagee run, by not recording his deed or mortgage. Conlormably to these principles, the case of Ashe v. Ashe, tras determined, and also another case of Ashe v. Executors of Livingston, since, to recover money paid over by the sheriff to a judgment creditor, not knowing of a mortgage prior to the judgment; by virtue of which, lands had been sold, and the money received by the plaintiff at law.
gee t;le case 1797, ante.
Let therefore judgment be for the defendant in this case.
Present, Bay, Johnson and Tkezevant.